UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
GARY CREDDILLE,

                       Plaintiff,

        — against —

THE MTA NEW YORK CITY TRANSIT
AUTHORITY & CORE ENVIRONMENTAL
CORP.,

                      Defendants.
-----------------------------------------------------------X

**MEMORANDUM AND ORDER**

11-cv-5442 (SLT) (RLM)
11-cv-5443 (SLT) (RLM)
11-cv-5444 (SLT) (RLM)

**TOWNES, United States District Judge:**

    Gary Creddille ("Plaintiff"), *pro se*, commenced three separate actions against the MTA New York City Transit Authority (the "MTA") and Core Environmental Corp. (together "Defendants"), alleging that Defendants harassed him and discriminated against him as well as retaliated against him. The MTA moved for a hearing to discuss consolidating the three complaints in light of the fact that all of the complaints contained the same set of facts and attachments. On December 30, 2011, this court denied the MTA's request for a hearing, but consolidated the cases for purposes of discovery and settlement. (Document No. 5.) The court noted that if Plaintiff refused to consent for consolidation of the three actions for all purposes, Defendants may move for consolidation for trial after the close of discovery. (Id.)

    Plaintiff has now moved for the undersigned's recusal in this case, asserting that my order permitting consolidation for purposes of discovery and settlement is "a bias, unfair, and prejudice decision, because [Plaintiff] never even met with Judge Sandra L. Townes before and she is going to satisfy the MTA defendant attorney . . . without my consent to make him happy." (Plaintiff's Recusal Motion, Attachment at 1.) For reasons that are unclear to the court, Plaintiff also appears to take issue with the fact that in the event the parties cannot reach a settlement agreement, requests for a premotion conference are due by February 6, 2013. For the reasons set forth below, the motion is denied.

    "A judge 'shall disqualify [herself] in any proceeding in which [her] impartiality might



reasonably be questioned.'" *U.S. v. Yousef*, 327 F.3d 56, 69 (2d. Cir. 2003) (quoting 28 U.S.C. § 455(a)). Recusal is appropriate when "the judge has a 'personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.'" *Id.* (quoting 28 U.S.C. § 455(b)(1)). The judge must recuse herself if circumstances exist which constitute an objectively reasonable basis upon which to question the judge's impartiality, *i.e.*, if circumstances show "a deep-seated favoritism or antagonism that would make fair judgment almost impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion" and "can only in the rarest circumstances evidence the degree of favoritism or antagonism required." *Id.*

As described, Plaintiff's motion is based only on judicial rulings. Moreover, Plaintiff has not explained why the court's order consolidating the three actions for discovery purposes was in any way prejudicial to him nor has he produced a single scintilla of evidence to demonstrate favortism or antagonism that would render a fair judgment almost impossible. Given that Plaintiff's objections amount to nothing more than dissatisfaction with the court's order, recusal is unwarranted. *Hammer v. Amazon.com*, 392 F. Supp. 2d 423, 428 (E.D.N.Y. 2005). Accordingly, Plaintiff's motion is DENIED.

SO ORDERED.

/s/

SANDRA L. TOWNES
United States District Judge

Dated: February 6, 2013
Brooklyn, New York

2